Johnson, J.
delivered the opinion of the Court.
The zeal and confidence with which the counsel opposed this motion, induced me to examine the subject with more attention, than I at first thought was necessary; but my researches liare resulted in the confirmation of my first impression, that the witness, Mr. Hill, was competent, and ought to have been sworn.
The foundation of the objection to his admissibility is, that a recovery against the defendant would add to the poor fund, and diminish the assessments necessary for the support of the poor; and that he, as one of the taxable inhabitants of York district, was liable to these assessments, and, therefore, directly interested in the event of this suit.
The general rule clearly is, that where a witness has any interest in the event of a suit, however trifling the amount, he is incompetent, and it was formerly applied with great rigour in the English Courts; but it is a common remark, that in modern times this doctrine has been greatly liberalized, and that objections to the competency of witnesses, on the score of apparent interest, where the interest is not immediate and direct, are suffered to go. against the credit of the witness only, and not to his competency. When, therefore, there is not an actual existing interest at the time, the witness may be sworn, although he may have an expectant contingent interest.
In the application of the rule, it was formerly held, that the rated inhabitants of a parish, hi which the settlement of a pauper was proved, were not competent to disprove the settlement; and upon the same principle, Hundredors were excluded from giving evidence in an action against the Hundred on the statute of Winton, of which the books furnish numerous instances; and *37 iliese have been relied on with great confidence by the counsel opposing the motion.
54 Geo. 3. c. 170 Vide etiam 27 Geo. 8^|°'
2 Levinz. 231.
I do not very clearly perceive the foundation of the principle on .which they proceed; and I find it very difficult to reconcile them to an exception, equally well established, that parishioners, owning ratable property in the parish, but not actually rated, are competent. Rex v. Prosser, 4 T. R. 17. The probability, however, is, that they originated in some peculiarity of the poor laws in England, to which we are comparatively strangers, or in the narrow and rigid application of the rule. It was, however, found to be inconvenient in that country, and has been gotten rid of by an act of parliament long ago; and certainly there is no obligation on us to impose on the community a rule, which was found insupportable where it originated.
Carried to the extent which the principle of these cases would seem to warrant, a citizen of the State would be an incompetent witness in public prosecutions to recover fines and forfeitures, for these go into the public treasury; and the interest which the citizen has in this fund, differs only in degree, from that which the inhabitant of a district or parish has in the poor fund; and if in the one case he is excluded, for the same reason he ought to be in the other; and yet the competency of the citizen to give evidence in such a case, has never been called in question.
Chief Justice Scroggs, in relation to the admissiblity of the inhabitants of hundreds or parishes, as witnesses in matters which concern those places, remarks that “No general rule can be laid down, but every case must stand upon its own peculiar circumstances ; that is to say, whether the interest be of that nature, or so considerable as by presumption to produce partiality in the witness (cited Bacon Abr. Evidence, B.) And the impracti-eability of reconciling the various opinions on this subject, would seem to justify the remark. The cases furnish precedents, but establish nó principle.
In Connecticut, a rule prevails which approaches nearer to it, than any that I have been able to extract from the English authorities, or elsewhere, and whieh appears to me to be founded in good sense and sound reasoning. There, whenever the object of a suit is of a public nature, the inhabitants of a town, county, district, or other division of the State, which may have an interest in the event, are, notwithstanding, admitted from necessity.
*38 It has been contended in this case, however, that the necessity does not, in point of fact, exist; as a considerable portion of the inhabitants do not own any taxable or ratable property, and the facts might be proved by them. But it is well known that a great majority do, and the necessity alluded to in the rule, is a legal, as contradistinguished from an actual necessity.
The New-York cases furnish abundant authority directly applicable to this question. In Falls & Smith v. Belknap, 1 Johns. Rep. 486, it seems to have been regarded as then well settled, that in debt on a bastardy bond to the overseers of the poor, the inhabitants of the town who were liable to be rated for its support, were competent witnesses, the interest being too remote and contingent to exclude them. On the same principle, it was held in Corwen v. Hames, 11 Johns. Rep. 76, that a Justice of the Peace was competent to try an action brought to recover a penalty, one half of which when recovered,- would go to the support of the poor of the town, in which he resided. And so in Bloodgood v. Overseers of Jamaica, 12 Johns. Rep. 285, in which an inhabitant of a town, paying taxes for the support of the poor, was admitted as a witness in an action to recover a penalty, one half of which would go to the support of the poor.
In the course of the argument, the counsel for the defendant relied upon the objection raised at the trial to the competency of this witness, that as clerk of the Board of Commissioners, he was entitled to receive the funds collected for the use of the poor from the defendant, and that he was, therefore, interested in the recovery against the defendant, as that would exempt him from the liability consequent on having received it from defendant.
There is, certainly, nothing in this objection. All that was necessary to prove against the defendant, was that he had collected the money, and it then lay on him to show, in what manner he had disposed of it; and it cannot be perceived what interest the witness could personally have had in that question ; and taking it upon the ground in which the counsel put it, the defendant must first have shown that the witness had received it, and that itself would have been a good bar to the action. Apart from this consideration, he was competent, although he might have had the interest of an agent; they are admitted from necessity.
*39 la any view the witness was competent, and ought to have been sworn. The nonsuit is, therefore, set aside, and a new trial awarded.
Motion granted.